22-1653 (L)
*United States v. Purvis-Mitchell*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's local rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the federal appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand twenty-four.

PRESENT:
> BARRINGTON D. PARKER,
> GERARD E. LYNCH,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                                 22-1653 (L),
>                                                                                        22-1654 (Con)

TYLER PURVIS-MITCHELL,

> *Defendant-Appellant.*

_____

FOR DEFENDANT-APPELLANT:                    STEPHEN N. PREZIOSI, New York, NY.

FOR APPELLEE:                                       STEVEN D. CLYMER, Assistant United States Attorney (Emmet O'Hanlon, Paul D. Silver, *on the brief*), *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Albany, NY.

Appeal from the July 26, 2022, judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on July 26, 2022, is **AFFIRMED** in part and the case **REMANDED** for further proceedings.

Defendant-Appellant Tyler Purvis-Mitchell ("Purvis-Mitchell") appeals from the district court's July 26, 2022, judgment, rendered following a jury trial, convicting him of possessing with intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and (b)(1)(B). The district court sentenced Purvis-Mitchell principally to 150 months' imprisonment. On appeal, Purvis-Mitchell argues that the district court erred in denying his pretrial motion to suppress evidence seized from his rental car, home, and cellphone, and abused its discretion in denying his motion for a new trial under Federal Rule of Criminal Procedure 33. He additionally argues, for the first time on appeal, that the government's post-trial disclosure of potential impeachment evidence violated his rights under *Brady v. Maryland*, 373 U.S. 83 (1963). We reject Purvis-Mitchell's arguments as to the district court's denial of his motion to suppress and motion for a new trial. We decline to consider his post-trial *Brady* claim on the present record

2

and remand the case to the district court with a limited mandate to consider the claim in the first instance on a renewed motion under Rule 33. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

## DISCUSSION

### I. Motion to Suppress

Purvis-Mitchell first argues that the district court erred in denying his *pro se* motion to suppress because the search warrants issued for his rental car, home, and cellphone lacked probable cause and were insufficiently particular and overbroad, in violation of the Fourth Amendment. He further argues that the affidavits submitted in support of the warrant applications contained false information and material omissions regarding surveillance video footage of an April 12, 2020, shooting and that, as a result, the district court erred in concluding that the good faith exception to the exclusionary rule applied. Because we conclude that the district court did not err in applying the good faith exception, we need not address Purvis-Mitchell's challenges to the existence of probable cause or the particularity and breadth of the warrants. *See United States v. Jones*, 43 F.4th 94, 110 (2d Cir. 2022).

On appeal from a ruling on a motion to suppress, "we review the [district] court's factual findings for clear error . . . [and its] legal determinations, including the existence of probable cause and the good faith of officers relying on a search warrant, *de novo*."

3

*United States v. Boles*, 914 F.3d 95, 102 (2d Cir. 2019) (quoting *United States v. Raymonda*, 780 F.3d 105, 113 (2d Cir. 2015)). "[T]he 'good-faith exception' to the exclusionary rule applies when the [officers] executing a search warrant 'act with an objectively reasonable good-faith belief that their conduct is lawful.'" *Jones*, 43 F.4th at 111 (quoting *Davis v. United States*, 564 U.S. 229, 238 (2011)). The Supreme Court has recognized that police reliance on a warrant is not objectively reasonable if, *inter alia*, the warrant application is "so lacking in indicia of probable cause as to render reliance upon it unreasonable." *United States v. Moore*, 968 F.2d 216, 222 (2d Cir. 1992) (citing *United States v. Leon*, 468 U.S. 897, 923 (1984)).

Following an evidentiary hearing, the district court rejected the arguments Purvis-Mitchell now raises on appeal, concluding that "there were no false statements in the search warrant applications, let alone intentional or recklessly false statements, . . . nor was any relevant information omitted that would have influenced the probable cause calculus." App'x at 164. Specifically, the district court found that the surveillance video, as described in the affidavits, shows a man "consistent with [Purvis-Mitchell's] height and weight[,] as listed in his criminal history report[,]" *id.* at 160–61, exiting a gray Chrysler sedan and taking what "appears to [be] a shooting position," *id.* at 158. It further noted that "the individual in question appears to be holding a firearm." *Id.* at 159. We discern no error, let alone clear error, in the district court's conclusions. *See United States v. Bershchansky*, 788 F.3d 102, 110 (2d Cir. 2015) ("When reviewing for clear error, we may

4

reverse only if we are left with the definite and firm conviction that a mistake has been committed, and [w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (internal quotation marks and citations omitted)).

We also reject Purvis-Mitchell's claim that the affidavits were "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Leon*, 468 U.S. at 923 (internal quotation marks omitted). Here, in addition to describing the surveillance video, each affidavit noted that (1) rental car records established that Purvis-Mitchell had rented the Gray Chrysler sedan identified in the video, (2) staff of the rental car company had confirmed that the vehicle was returned by Purvis-Mitchell after the shooting, and (3) Purvis-Mitchell had rented a second vehicle and was still in possession of it. Additionally, the affidavit underlying the warrant for Purvis-Mitchell's cellphone, which was obtained after his arrest, noted that the cellphone was discovered in close proximity to "where [he] was taken into custody" and that he "identified [the phone] as his [] during an interview" with the arresting officer. App'x at 109. These facts provided Albany police with "at least arguable probable cause" to believe that evidence of a crime would be found in Purvis-Mitchell's rental car, home, and cellphone. *Jones*, 43 F.4th at 111; *see also id.* at 112 (noting that the good faith exception does not apply where the "'affidavits are bare bones'—that is, when they are 'totally devoid of factual

5

circumstances to support conclusory allegations'" (quoting *United States v. Clark*, 638 F.3d 89, 103 (2d Cir. 2011))). We therefore conclude that the good faith exception applied.

## II. Rule 33 Motion for a New Trial

Purvis-Mitchell next argues that the district court abused its discretion in denying his motion for a new trial, under Fed. R. Crim. P. 33, based on his claim that the government violated its obligations under *Brady* by disclosing certain Albany Police "chain of custody" reports ten days before his trial began. The district court rejected this claim, concluding that the reports were neither suppressed by the government nor "material" under *Brady*.

We review a district court's denial of a motion for a new trial pursuant to Rule 33 for abuse of discretion. *See United States v. Hunter*, 32 F.4th 22, 30 (2d Cir. 2022). "A *Brady* violation occurs when the government fails to disclose evidence materially favorable to the accused." *United States v. Triumph Capital Grp., Inc.*, 544 F.3d 149, 161 (2d Cir. 2008) (quoting *Youngblood v. West Virginia*, 547 U.S. 867, 869 (2006) (per curiam)). Undisclosed "[e]vidence is 'material' within the meaning of *Brady* when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." *Turner v. United States*, 582 U.S. 313, 324 (2017) (quoting *Cone v. Bell*, 556 U.S. 449, 469–70 (2009)). "While the trial judge's factual conclusions as to the effect of nondisclosure are entitled to great weight, we examine the record *de novo* to determine

6

whether the evidence in question is material as a matter of law." *Hunter*, 32 F.4th at 31 (quoting *United States v. Madori*, 419 F.3d 159, 169 (2d Cir. 2005)).

The chain of custody evidence was not "material" for purposes of *Brady* because Purvis-Mitchell was not prejudiced by the delayed disclosure. Here, the government presented substantial evidence that Purvis-Mitchell possessed the methamphetamine in question with the intent to distribute it. *See id.* at 32 ("Where the evidence against the defendant is ample or overwhelming, the withheld *Brady* material is less likely to be material." (quoting *United States v. Gil*, 297 F.3d 93, 103 (2d Cir. 2002))). This evidence included (1) the testimony of Albany Police detectives who recovered methamphetamine-laced pills from Purvis-Mitchell's rental car and home; (2) Purvis-Mitchell's post-arrest admission that the pills recovered from the rental car were his, and (3) text messages between Purvis-Mitchell and a potential customer discussing the sale of methamphetamine-laced pills. The potential impact of the delayed disclosure was also limited given that defects in the chain of custody go to weight, not admissibility, *see United States v. Morrison*, 153 F.3d 34, 57 (2d Cir. 1998), and Purvis-Mitchell's defense was not that the pills did not belong to him, but that the government could not prove that he had intended to distribute them, *see* Gov't App'x at 202. In sum, because the belatedly disclosed evidence was not material under *Brady*, the district court did not abuse its discretion in denying Purvis-Mitchell's Rule 33 motion.

### III. *Brady* Claim Based on Post-Trial Disclosure

Finally, Purvis-Mitchell argues that he is entitled to a new trial because the government violated its obligations under *Brady* by disclosing impeachment evidence concerning a government witness ten months after the end of his trial. The government, in response, concedes that the information is "favorable to Purvis-Mitchell," but "denies that it suppressed [the] information" in question. Gov't Brief at 71. Because the district court has not considered this issue, we lack a sufficient record to determine "whether any [undisclosed] evidence favorable to the [d]efendant[] was material, suppressed, or both." *United States v. Stillwell*, 986 F.3d 196, 201 (2d Cir. 2021). Accordingly, we remand the case to the district court, in accordance with the procedures set forth in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), to consider Purvis-Mitchell's claim in the first instance.

\* \* \*

We have considered Purvis-Mitchell's remaining arguments and conclude that they are without merit. For the reasons set forth above, the judgment of the district court entered on July 26, 2022, is **AFFIRMED** in part and the case **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8